# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **VARIANT, INC.** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | **CASE NO. 6:08 CV 478** |
| vs. § | **PATENT CASE** |
| § | | |
| **FLEXSOL PACKAGING CORP., et al** § | | |
| § | | |
| **Defendants.** § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant The Biltmore Company, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 59). Having considered the parties' written submissions, the Court **DENIES** the motion.

### BACKGROUND

Variant, Inc. ("Variant") has brought suit against The Biltmore Company, Inc. ("Biltmore") for infringing U.S. Patent No. 7,379,900 ("the '900 patent"). The '900 patent relates to a system for marketing goods and services. Biltmore is a Delaware corporation with its principal place of business in North Carolina. Biltmore is centered on the estate of George Vanderbilt, which people may visit or stay at. Biltmore maintains a website where visitors may book hotel rooms at the Inn on Biltmore Estate, purchase tickets to tour the estate, or purchase products. Biltmore contends it receives a trivial amount of sale revenue from purchases by Texas residents and is not subject to the Court's personal jurisdiction.

**APPLICABLE LAW**

In a patent case, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff only needs to make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process as delineated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998).

"The Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). Thus, the analysis of Texas's long-arm statute collapses into the federal due-process inquiry. Due process requires an out-of-state defendant have minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316.

The minimum contacts requirement may be met by showing either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court may exercise specific jurisdiction over a defendant where the cause of action "arises out of" or "relates to" the defendant's in state activity. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1360-61 (Fed. Cir. 2006). This analysis requires courts to

inquire "(1) whether the defendant has purposefully directed his activities at residents of the forum; and (2) whether the litigation results from alleged injuries that arise out of or relate to those activities." *Campbell*, 542 F.3d at 884. When these conditions are satisfied the court must then determine whether its assertion of jurisdiction would "comport with fair play and substantial justice." *Id.* at 885. This factor should be applied "sparingly" and only if the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). In the absence of specific jurisdiction, a court may nonetheless exercise general jurisdiction over a defendant when the defendant has contacts with the forum state that qualify as "continuous and systematic." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008).

**ANALYSIS**

*Minimum Contacts*

Patent infringement occurs by the production, use, sale, or offer for sale of a patented product. 35 U.S.C. § 271. Thus, the Court has personal jurisdiction over Biltmore if Biltmore used the allegedly infringing system in Texas. The parties do not dispute that Biltmore has sold hotel room stays at the Inn, tickets to tour the estate, and products through its website. Variant alleges Biltmore's internet sales from its website are sufficient to provide the Court with personal jurisdiction over Biltmore.

The Federal Circuit has not yet defined the standard for minimum contacts via a website. *See Litmer v. PDQUSA.com*, 326 F. Supp. 2d 952, 956 (N.D. Ind. 2004). Other circuits, including the Fifth Circuit, have adopted the sliding-scale test put forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *Id.*; *see also Revell v. Lidov*, 317 F.3d 467 (5th

Cir. 2002). A passive website, which only allows the owner to post information to the site, is not sufficient to establish personal jurisdiction. *Revell*, 317 F.3d at 470. A website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement. *Id*. In between are websites with some interactive elements and allow for bilateral information exchange. *Id*. In evaluating these websites, courts examine the interactivity and nature of the forum contacts. *Id*.

Biltmore's website allows a potential customer to book hotel rooms at the Inn, purchase tickets to tour the estate, or purchase products. Users may also provide their e-mail address on the website to receive special offers, Biltmore insider tips, and more. The website's "wedding" and "groups" inquiries allow users to provide their contact information and details of their events so that a Biltmore representative can respond to their request. Thus, the website is of an interactive nature and Biltmore uses the allegedly infringing website in Texas. In addition, since at least 2006, Biltmore has generated sales revenue from purchases by Texas residents through its website. Accordingly, through its website, Biltmore has the requisite minimum contacts with Texas to support specific jurisdiction.

*Traditional notions of fair play and substantial justice*

Even if a defendant has minimum contacts with the forum, personal jurisdiction over the defendant may not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. Determining whether personal jurisdiction offends traditional notions of fair play and substantial justice involves balancing (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and (5) the interest of the states in

furthering their social policies. *Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1352 (Fed. Cir. 2003).

Although Biltmore has Texas customers, Biltmore's principal place of business is in North Carolina. Litigating in this forum may place some burden on Biltmore. However, Texas has a definite interest in this litigation. The allegedly infringing website has been used, and is likely currently being used, by Texans. Texas has a strong interest in discouraging injuries, including patent infringement, occurring within its borders. As the plaintiff, Variant has a strong interest in obtaining relief. It claims Biltmore is infringing its patent and seeks an injunction to stop the alleged infringement. Variant chose to file in this district reasonably expecting a prompt trial date and swift, efficient resolution of the controversy. Like all states, Texas has an interest in upholding the patent laws of the United States. Texas, particularly given its technology sector, has an interest in promoting commerce and scientific development, which is promoted by the patent system and the policies it embodies. Together, these considerations outweigh Biltmore's burden of litigating here.

## CONCLUSION

Biltmore has sufficient minimum contacts with Texas directly related to its alleged infringement. Additionally, requiring Biltmore to litigate in Texas, where it has used its allegedly infringing website, does not offend traditional notions of fair play and substantial justice. Accordingly, the Court has personal jurisdiction over Biltmore, and Biltmore's motion to dismiss is **DENIED**.

**So ORDERED and SIGNED this 21st day of September, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**